**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| RICHARD HONE,<br><br>     Plaintiff,<br><br>     v.<br><br>MICHELLE EREAUX *et al.*,<br><br>     Defendants. | Civil Action No. 21-479 (MAS) (DEA)<br><br>**MEMORANDUM OPINION** |

**SHIPP, District Judge**

  This matter comes before the Court on pro se Defendants Michelle Ereaux ("Michelle") and Wamnee Eagle Ereaux's ("Wamnee," and together with Michelle, "Defendants") Motion to Dismiss for Lack of Personal Jurisdiction and Insufficiency of Claim. (ECF No. 11.) Pro se Plaintiff Richard Hone ("Hone") opposed the Motion (ECF No. 18), and Defendants replied (ECF No. 22.) The Court has carefully considered the parties' submissions and decides the matter without oral argument under Local Civil Rule 78.1. For the reasons set forth below, the Court grants Defendants' Motion.

**I.  BACKGROUND**

  On January 11, 2021, Hone filed this Complaint. (*See generally* Compl., ECF No. 1.) Hone's Complaint alleges that Michelle and Wamnee, residents of Montana, harmed Hone's reputation and interfered with Hone's ability to complete a project to build a school in the Fort

Belknap Reservation ("Fort Belknap") in Montana. (*Id.* at *5.)[1] The Complaint alleges that he, along with his team, worked almost 1000 hours on this project. (*Id.*) The Complaint further requests $13 million in compensatory and punitive damages. (*Id.* at *6.)

Defendants filed a Motion to Dismiss Hone's Complaint on June 24, 2021. (*See generally* Defs.' Moving Br., ECF No. 11.) In it, Defendants elaborate on, and dispute the facts leading to the Complaint. The moving brief explains that Wamnee is a member of the A'aniiih and Nakoda Nations of the Fort Belknap. (Defs.' Moving Br. 1.) In 2018, Defendants incorporated a 501(c)(3) organization, Sustaining the Sacred, in Arizona. (*Id.*) Sustaining the Sacred runs "residential and educational centers for children and adolescents whose homelife is destabilized." (*Id.*) Defendants allege that Hone contacted Wamnee in 2020 and when they spoke, Wamnee told him about her "hope to change the lives of children." (*Id.*) Hone replied that "he might be able to help her by introducing her to some friends." (*Id.*) Hone then invited them to New York to present the project to people he knew who might "provide guidance regarding sources of funding." (*Id.* at 2.) Upon Hone's invitation, Wamnee flew to Newark International Airport in New Jersey, but stayed only a few hours before proceeding to New York. (*Id.*) At all times, Michelle remained in Montana. (*Id.*) In any event, Defendants clarified that all meetings with Hone's contacts occurred via Zoom. (*Id.*) Despite meetings in New York and via Zoom, Defendants neither received any offers of financing from any of Hone's contacts nor were there any contracts signed. (*Id.*) In total, Defendants allege that Hone was involved for three weeks before Wamnee fired Hone. (*Id.* at 3.)

---

[1] Page numbers preceded with an asterisk reference the page numbers at the top of the ECF filing.

## II. LEGAL STANDARD

### A. Rule 12(b)(2)[2]

Under Rule 12(b)(2), a defendant may move to dismiss an action for lack of personal jurisdiction. "[O]nce a defendant has raised a jurisdictional defense, the plaintiff must prov[e] by affidavits or other competent evidence that jurisdiction is proper." *Metcalfe v. Renaissance Marine, Inc.*, 566 F.3d 324, 330 (3d Cir. 2009) (second alteration in original) (internal quotation marks and citations omitted). In a diversity action, a New Jersey federal court "has jurisdiction over parties to the extent provided under New Jersey state law." *Miller Yacht Sales, Inc. v. Smith*, 384 F.3d 93, 96 (3d Cir. 2004) (citation omitted). New Jersey's long-arm statute "provides for jurisdiction up to the limits of the protection afforded to nonresidents by the Due Process Clause of the Fourteenth Amendment." *Telcordia Tech, Inc. v. Telkom SA Ltd.*, 458 F.3d 172, 177 (3d Cir. 2006); *Carteret Sav. Bank, FA v. Shushan*, 954 F.2d 141, 145 (3d Cir. 1992). A court has jurisdiction, therefore, if it is determined that the defendant has "certain minimum contacts with [New Jersey] such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) (internal quotation marks omitted). The burden of presenting evidence establishing a *prima facie* case of personal jurisdiction over each defendant falls on the plaintiff. *Metcalfe*, 566 F.3d at 330.

A court is authorized to exercise two types of personal jurisdiction: general jurisdiction or specific jurisdiction. *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414-15 (1984). General jurisdiction applies when an individual is domiciled in the forum state. *Chanel, Inc. v. Matos*, 133 F. Supp. 3d 678, 684 (D.N.J. 2015) ("[A]n 'individual's domicile,' or home, constitutes the paradigmatic 'forum for the exercise of general jurisdiction.'") (quoting *Daimler*

---

[2] All references to "Rule" or "Rules" hereinafter refer to the Federal Rules of Civil Procedure.

*AG v. Bauman*, 571 U.S. 117, 137 (2014)). "[D]omicile is established by an objective physical presence in the state or territory coupled with a subjective intention to remain there indefinitely." *Washington v. Hovensa LLC*, 652 F.3d 340, 344 (3d Cir. 2011).

Specific jurisdiction allows a Court to exercise jurisdiction over a non-resident defendant when: (1) the defendant purposefully avails itself of the privilege of conducting its activities within the forum; (2) the litigation arises out of or relates to at least one of those activities; and if the prior two requirements are met, a court may consider whether (3) the exercise of jurisdiction comports with fair play and substantial justice. *O'Connor v. Sandy Lane Hotel Co.*, 496 F.3d 312, 317 (3d Cir. 2007). Defendants need not be physically located in the forum state while committing the alleged acts. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 476 (1985). Nor is specific jurisdiction defeated merely because the bulk of harm occurred outside the forum. *Keeton v. Hustler Mag., Inc.*, 465 U.S. 770, 780 (1984). A single act may satisfy the minimum contacts test if it creates a substantial connection with the forum. *Burger King*, 471 U.S. at 476 n.18.

**B.     Rule 12(b)(6)**

Rule 8(a)(2) "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (alteration in original) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).

A district court conducts a three-part analysis when considering a motion to dismiss pursuant to Rule 12(b)(6). *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011). "First, the court must 'tak[e] note of the elements a plaintiff must plead to state a claim.'" *Id.* (alteration in original) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 675 (2009)). Second, the court must accept as true all of the plaintiff's well-pleaded factual allegations and construe the complaint in the light most

4

favorable to the plaintiff. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted). The court, however, may ignore legal conclusions or factually unsupported accusations that merely state "the-defendant-unlawfully-harmed-me." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). Finally, the court must determine whether "the facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.'" *Fowler*, 578 F.3d at 211 (quoting *Iqbal*, 556 U.S. at 679). A facially plausible claim "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 210 (quoting *Iqbal*, 556 U.S. at 678). On a Rule 12(b)(6) motion, the "defendant bears the burden of showing that no claim has been presented." *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005) (citing *Kehr Packages, Inc. v. Fidelcor, Inc.*, 926 F.2d 1406, 1409 (3d Cir. 1991)).

### III. DISCUSSION

The Court begins by assessing whether it can exercise personal jurisdiction over Defendants. *See Lightfoot v. Cendant Mortg. Corp.*, 137 S. Ct. 553, 562 (2017) ("A court must have . . . power over the parties before it (personal jurisdiction) before it can resolve a case." (citing *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583-85 (1999))). Defendants are residents of Montana and nothing currently before the Court suggests that general personal jurisdiction would be appropriate. The Court, therefore, focuses its analysis on specific jurisdiction.

#### A. The Court Lacks Jurisdiction Over Defendants

To assert specific personal jurisdiction, Plaintiff must allege "claim-specific jurisdiction over Defendants," meaning "an affiliatio[n] between the forum and the underlying controversy." *Christie v. Nat'l Inst. for Newman Stud.*, 258 F. Supp. 3d 494, 499 (D.N.J. 2017) (alteration in original) (quoting *Walden v. Fiore*, 571 U.S. 277, 283 n.6 (2014)). While Hone does not specifically name the claims he is alleging, the Complaint states that "Defendants knowingly,

5

maliciously, purposely and with the intenetion [sic] to harm plaintiff [sic] harmed plaintiff's reputation and caused plaintiff and his team to work . . . on a project to build a school . . . then refused to let plaintiff do his job[.]" (Compl. at *5.) The Court thus infers that Hone asserts a defamation claim in addition to breach of contract, promissory estoppel, and tortious interference claims. "[B]ecause there are different considerations in analyzing jurisdiction over contract claims and over certain tort claims," the Court will conduct a claim-specific analysis. *Remick v. Manfredy,* 238 F.3d 248, 255–56 (3d Cir. 2001).

For tort claims like defamation and tortious interference, the Court may exercise personal jurisdiction when the *Calder* effects test is satisfied. *Calder v. Jones,* 465 U.S 783 (1984); *see also Marten v. Godwin,* 499 F.3d 290, 297 (3d Cir. 2007). Under this test, a plaintiff may demonstrate specific personal jurisdiction if he or she shows: (1) the defendant committed an intentional tort; (2) "the plaintiff felt the brunt of the harm in the forum such that the forum can be said to be the focal point of the harm suffered by the plaintiff as a result of that tort"; and (3) the defendant expressly aimed their tortious conduct at the forum such that the forum can be said to be the focal point of the tortious activity. *IMO Indus., Inc. v. Kiekert AG,* 155 F.3d 254, 265-66 (3d Cir. 1998); *see also Marten,* 499 F.3d at 297.

Here, Hone has not responded to Defendants motion to dismiss, despite the Court's order that required Hone to respond and allowed Hone to do so beyond the time prescribed by the Federal Rules of Civil Procedure. (*See* ECF No. 19.) Even taking the facts in the light most favorable to Hone, however, on its face, Hone does not allege any torts targeting New Jersey. While Hone alleges Defendants tortiously interfered with his ability to build a school, he does not allege where the Defendants engaged in the tortious conduct or where Hone and his partners met, prepared for, or completed any work in furtherance of building the school. To make the matter even more

attenuated, the school Hone planned to build would have been located in Montana, casting further doubt on this Court's ability to exercise personal jurisdiction over Defendants in this matter. Moreover, Hone does not allege how Defendants harmed Hone's reputation such that the Court can determine if Defendants' conduct was targeted to New Jersey.

Surprisingly, Defendants' moving brief in support of their motion to dismiss provides the only mention of Defendants' connection with New Jersey. Defendants state that Wamnee flew to Newark International Airport to attend a meeting with Hone's contacts in New York. (Defs.' Moving Br. 2.) This contact, however, provides no basis for exercising specific jurisdiction over either Defendant as Hone's tort claims do not arise out of Defendants' contacts with New Jersey. *Bartone v. NetJets, Inc.*, 11-8, 2011 WL 2532497, at *8 (D.N.J. June 24, 2011) (declining to exercise specific jurisdiction where plaintiff alleged that defendant made contact with New Jersey by "regularly using" the airport.) In conclusion, Hone alleges no tortious conduct by Defendants that was expressly aimed at New Jersey.

In determining personal jurisdiction with respect to a breach of contract claim, the Court "must consider the totality of the circumstances, including the location and character of the contract negotiations, the terms of the contract, and the parties' actual course of dealing." *Remick*, 238 F.3d at 256. Hone's Complaint likewise offers no facts concerning any contract between Hone and the Defendants. For example, Hone does not allege the terms under which he and his team completed the work, where a contract was negotiated or any other facts indicating where the parties' course of dealing occurred. The Court thus finds that at the present stage, Hone also does not allege facts suggesting that the Court has jurisdiction over the breach of contract claim.

7

The Court thus finds that Hone fails to meet his burden to show that this Court has personal jurisdiction over the parties. *Cerciello v. Canale*, 563 F. App'x 924, 925 n.1 (3d Cir. 2014) ("[B]are pleadings alone are insufficient to withstand a motion to dismiss for lack of personal jurisdiction.") (internal quotation marks omitted).

    **B.    The Court Lacks Personal Jurisdiction to Hear Defendants' Motion to Dismiss for Failure to State a Claim.**

Because the Court holds that it lacks personal jurisdiction over Defendants, it cannot entertain Defendants' Motion to Dismiss under Rule 12(b)(6). *See Lightfoot*, 137 S. Ct. at 562.

**IV.    <u>CONCLUSION</u>**

For the reasons set forth above, the Court grants Defendants' Motion to Dismiss. An appropriate order will follow.

/s/ Michael A. Shipp
**MICHAEL A. SHIPP**
**UNITED STATES DISTRICT JUDGE**